JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On September 15, 1998, defendant-appellant Claude Walker was charged with burglary in violation of R.C.2911.12(A)(2). Due to Walker's indigent status, counsel was appointed on his behalf. On October 29, 1998, Walker appeared before the trial court with his counsel, who explained that Walker wished to have new counsel appointed. When questioned by the trial court as to why he was unhappy with his current counsel's representation, Walker stated that his lawyer was doing a good job but had not appeared sufficiently interested in his personal or emotional problems. After further discussion, the trial court asked Walker if he still "want[ed] a new lawyer" and stated that "[i]f that's what you want, I'll be glad to do it." Walker, however, stated that he wanted to "stick with" his current counsel.
Thereafter, Walker withdrew his plea of not guilty and entered a plea of no contest. After a full Crim.R. 11 colloquy, wherein Walker stated that he understood the nature of the charge and its penalties, as well as the constitutional rights he was waiving by pleading no contest, the trial court accepted Walker's plea and found him guilty. Walker was subsequently sentenced to five years' incarceration after he was provided with the opportunity to make a statement to the trial court and after his trial counsel had provided mitigation on his behalf.
Walker appeals the trial court's judgment and asserts two assignment of error, neither of which is well taken.
In his first assignment of error, Walker asserts that the trial court deprived him of his constitutional rights by convincing him to abandon his motion for the appointment of new counsel and to proceed instead with his original counsel. We disagree.
A trial court has every right to engage in a dialogue with a defendant regarding a motion for a change of counsel. The record in this matter fails to reflect that the trial court acted outside of its discretion in discussing the matter with Walker, nor does it reflect that the court "convinced" him to retract his request. Accordingly, we reject the first assignment of error.
In his second assignment of error, Walker asserts that his right to effective assistance of counsel under the Sixth Amendment was violated by his counsel's failure to inform him of the nature of the charge against him and its potential penalties, and by his failure to provide meaningful mitigation at sentencing. Again, we disagree. Thereisno demonstration in the record of Walker's claims or that the representation provided by his appointed counsel was deficient.[1] Moreover, even if it is assumed arguendo that counsel's performance was deficient in some respect, given that the victim personally observed Walker burglarizing his apartment, that Walker was in possession of the victim's property when apprehended, and that he confessed to the crime, Walker cannot demonstrate that he was prejudiced by his counsel's action or inaction.[2] Accordingly, we reject the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ..
To the Clerk:
Enter upon the Journal of the Court on October 20, 1999. per order of the Court _______________________________.
 _________________________ Presiding Judge
[1] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[2] Id.